**FRANK, Appellant,**

v.

**OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.**

[Cite as *Frank v. Ohio Dept. of Human Serv.* (1996), 110 Ohio App.3d 86.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–72.

Decided March 28, 1996.

*Allen County Blackhoof Area Legal Services Association* and *Thomas J. Nanni,* for appellant.

*Betty D. Montgomery,* Attorney General, and *James M. McGovern,* Assistant Attorney General, for appellee.

———

THOMAS F. BRYANT, Judge.

Sheila Frank appeals from the judgment of the Allen County Court of Common Pleas affirming the decision and order by the Allen County Department of Human Services, Hearing Authority, to disqualify Frank from participation in the food stamp program for a period of six months.

Appellant, Sheila Frank, was the head of a food stamp assistance group consisting of appellant, her husband, daughter and stepson. On January 8, 1993, appellant met with representatives of the Allen County Department of Human Services ("agency") as part of the benefit application process. At this meeting, the agency explained appellant's reporting obligations in a video presentation and a personal interview with appellant's caseworker. Among these obligations was the duty to report, within ten days, income from any source. In her application for assistance, appellant stated that her husband, Carl, was an unemployed member of the assistance group.

On February 14, 1994, appellant reapplied to the food stamp program. The application contained the question, "Is anyone in your household employed?" Frank answered, "No." Appellant was again informed of her reporting obligations and the penalty for failing to report family income.

On February 11, 1994, the agency received information that appellant's husband was employed by The Lima News and by Richard Hill, appellant's landlord. The Lima News reported that Mr. Frank began employment in October 1993 and earned $480 per month. Richard Hill attested that he paid Mr. Frank gross earnings for the month of January 1994 in the amount of $142.50. The agency determined that Ms. Frank's failure to report her husband's employment resulted in an overissuance in the amount of $190.

On January 13, 1995, the agency notified appellant that an administrative disqualification hearing was scheduled for February 2, 1995 to consider the allegation that appellant committed an intentional program violation by failing to report her husband's employment.

On March 13, 1995, the hearing officer recommended that appellant be found to have committed an intentional program violation due to her failure to report her husband's employment. Further, the hearing officer recommended that appellant be disqualified from participation in the food stamp program for a period of six months. The hearing authority accepted the hearing officer's recommendation and issued a final administrative decision and order disqualifying appellant. On October 4, 1995, the Allen County Court of Common Pleas affirmed the agency's decision. It is from this judgment that Sheila Frank appeals, citing two assignments of error.

In her first assignment of error, appellant argues that the court erred when it ruled that the agency need not show her state of mind to prove an intentional program violation. The standards for determining whether an individual has committed an intentional program violation are provided by Section 273.16(c), Title 7, C.F.R.:

"[I]ntentional Program violations shall consist of having intentionally: (1) Made a false or misleading statement, or misrepresented, concealed or withheld facts, or (2) committed any act that constitutes a violation of the Food Stamp Act, the Food Stamp Program Regulations, or any State statute relating to the use, presentation, transfer, acquisition, receipt or possession of food stamp coupons or ATP's."

Appellant argues that according to *Smith v. Dept. of Health & Rehab. Serv.* (Fla.1988), 522 So.2d 956, documentary evidence alone is insufficient to establish intent. While we disagree with appellant's interpretation of *Smith,* we note that the case not only lacks persuasive authority in this jurisdiction but can be factually distinguished from the case sub judice. *Smith* is distinguishable since the Ohio Department of Human Services presented more than documentary evidence to support its claims against appellant.

■ Review of the record indicates that the evidence supporting the hearing officer's finding was clear and convincing. Not only did Mr. Lamb, the agency's representative, testify regarding the application process and the rights and responsibilities explained to aid recipients, appellant testified that these rights and responsibilities were explained to her and that she was aware of the duty to report family income. Further, she admitted, she knew that since she signed the rights and responsibilities form, she was obligated to notify the agency of her husband's income.

The documentary evidence and appellant's own testimony prove that appellant understood her obligation to report her husband's income, yet she failed to fulfill this obligation. We find this evidence is sufficient to prove that appellant intentionally "made a false or misleading statement, or misrepresented, concealed or withheld facts" from the Ohio Department of Human Services. Appellant's first assignment of error is without merit.

■ In her second assignment of error, appellant argues that the lower court did not consider the certain portions of the administrative record when it affirmed the agency's order. R.C. 119.12 requires the common pleas court to review the entire administrative record before reaching a decision. After a review of the record, we find no evidence that the common pleas court did not fulfill this requirement. Appellant's second assignment of error is without merit.

Having overruled appellant's two assignments of error, we affirm the decision of the Allen County Court of Common Pleas affirming the agency's order disqualifying appellant from the food stamp program for a period of six months.

*Judgment affirmed.*

HADLEY, P.J., and EVANS, J., concur.